UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-8483-BER

**UNITED STATES OF AMERICA**

v.

**KAREEM HENRY AKWASI MAYNARD,**
**KERRY RONALD LESLIE,**
**NICHOLAS ANTHONY GOODEN,**

    Defendants.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?  ☐ Yes  ☑ No

2. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?  ☐ Yes  ☑ No

3. Did this matter involve the participation of or consultation with now Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?  ☐ Yes  ☑ No

4. 4. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024?  ☐ Yes  ☑ No

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

BY: *Rinku Tribuiani*
RINKU TRIBUIANI
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No.  0150990
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel:  (561) 820-8711
Fax:  (561) 820-8777
Email:  Rinku.Tribuiani@usdoj.gov

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>KAREEM HENRY AKWASI MAYNARD,<br>KERRY RONALD LESLIE,<br>NICHOLAS ANTHONY GOODEN,<br><br>*Defendant(s)* | Case No.  25-8483-BER |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  08/30/2025  in the county of  Palm Beach  in the  Southern  District of  Florida , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1324(a)(1)(A)(iv) | Alien smuggling. |
| 8 U.S.C. § 1326(a) and (b)(1) | Illegal re-entry after deportation. |

FILED BY _____TM_____ D.C.

*Sep 2, 2025*

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

CHRISTOPHER L WHITEHURST
Digitally signed by CHRISTOPHER L WHITEHURST
Date: 2025.09.02 15:16:35 -04'00'

*Complainant's signature*

Christopher Whitehurst, HSI Special Agent
*Printed name and title*

Sworn to and attested to me by applicant by telephone (Facetime) per the requirements of Fed. R. Crim. P.4 (d) and 4.1.

Date:  September 2, 2025

*Judge's signature*

City and state:   West Palm Beach, FL         Bruce E. Reinhart, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMIAL COMPLAINT

Your affiant, Christopher Whitehurst, first being duly sworn, does herby depose and state as follows:

1. I am a Special Agent (SA) with the Department of Homeland Security, Homeland Security Investigations (HSI) assigned to the office of the Assistant Special Agent in Charge, West Palm Beach, Florida, and have been so employed by HSI since April of 2024. I have successfully completed the Criminal Investigator Training Program and HSI Special Agent Training at the Federal Law Enforcement Training Center in Glynco, Georgia. Among my responsibilities as a HSI Special Agent, I am trained and empowered to investigate crimes against the United States (U.S.), arising under Titles 8, 18, 19, 21 and 31 of the United States Code (U.S.C.).

2. The facts set forth in this affidavit are based on my own personal knowledge, information obtained in this investigation from others, including other law enforcement officers, my review of documents, pictures and computer records related to this investigation, and information gained through training and experience. Because this affidavit is being submitted for the limited purpose of establishing probable cause to support a Criminal Complaint, I have not included every fact known to me and law enforcement concerning this investigation, but have set forth only those facts necessary to establish probable cause to believe that on or about August 30, 2025:

    a. **Kareem Henry Akwasi MAYNARD**, a citizen and national of the Bahamas, committed the offense of Alien Smuggling, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv).

    b. **Kerry Ronald LESLIE**, a citizen and national of Jamaica, committed the offense of Illegally Re-Entering the U.S. after Deportation or Removal, in violation of 8 U.S.C. § 1326(a) and (b)(1).

c. **Nicholas Anthony GOODEN**, a citizen and national of Jamaica, committed the offense of Illegally Re-Entering the U.S. after Deportation or Removal, in violation of 8 U.S.C. § 1326 (a) and (b)(1).

## Probable Cause

3. In the evening hours of August 30, 2025, at approximately 9:13 PM, the Palm Beach County Sheriff's Office (PBSO) land-based radar began to track an inbound target of interest (TOI) approximately 13 miles east of Boynton Inlet. A PBSO marine unit stopped the TOI, a 19ft Stratos center console FL 9685 JM, approximately 2.8 miles east of the Boynton Beach Inlet, located in Palm Beach County Florida.

4. The TOI had three individuals on board who identified themselves as Kerry LESLIE, Kareem MAYNARD, and Thimoy MOWOT. PBSO identified MAYNARD as the captain and driver of the vessel. LESLIE and MOWOT were passengers on board the vessel. Based on the belief that this was an alien smuggling event, all three were taken into custody and were turned over to the United States Coast Guard (USCG). USCG later positively identified MOWOT as Nicholas GOODEN.

5. MAYNARD is a citizen and national of the Bahamas and a member of the Royal Bahamian Defense Force. He entered the U.S. on a valid B2 Visa on August 28, 2025, that is valid until February 27, 2026.

6. LESLIE is a citizen and national of Jamaica. He was previously ordered removed in absentia from the U.S. on or about July 23, 2007, following his 1998 felony conviction in New York. He was physically removed from the U.S. on or about May 29, 2025. He did not have permission to come to or enter the United States legally.

7. Nicholas GOODEN is a citizen and national of Jamaica. He was previously ordered removed from the U.S. on or about June 9, 2014, and was physically removed from the U.S. on or

about July 15, 2014, and January 30, 2025, following his felony conviction for identity theft. He did not have permission to come to or enter the United States legally.

8. On September 2, 2025, HSI Special Agents interviewed MAYNARD at the U.S. Border Patrol Station located in Riviera Beach, Florida. He waived his *Miranda* rights and elected to speak with the interviewing agents. He admitted to driving the vessel with the two passengers.

9. Based on the foregoing facts, I submit that probable cause exists to believe that:

   a. **Kareem Henry Akwasi MAYNARD** committed the crime of Alien Smuggling, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv);

   b. **Kerry Ronald LESLIE** committed the crime of Illegally Re-Entering the U.S. after Deportation or Removal, in violation of 8 U.S.C. § 1326(a) and (b)(1).

   c. **Nicholas Anthony GOODEN**, committed the crime of Illegally Re-Entering the U.S. after Deportation or Removal, in violation of 8 U.S.C. § 1326(a) and (b)(1).

**FURTHER AFFIANT SAYETH NAUGHT**

CHRISTOPHER L WHITEHURST
Digitally signed by CHRISTOPHER L WHITEHURST
Date: 2025.09.02 15:17:43 -04'00'

CHRISTOPHER WHITEHURST
SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS

Sworn and Attested to me by Applicant by Telephone (Facetime) pursuant to Fed. R. Crim. P. 4(d) and 4.1 this   2   day of September 2025.

BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE